UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1989SNL |
| ) | |
| LOAN LINK FINANCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff originally filed this breach of contract case in the St. Louis County Circuit Court. On or about November 29, 2007, defendant removed this case to federal court on the basis of diversity wherein it was assigned to this Court. This matter is before the Court on the plaintiff's motion to remand (#8), filed December 10, 2007. Responsive pleadings have now all been filed and the matter is ripe for disposition.

Briefly, on or about March 23, 2004 the parties entered into a contract entitled "Correspondent Agreement Form 200" (the Agreement), and subsequently, on or about August 2, 2005 the parties again entered into a contract entitled "Bulk Purchase Agreement" (the Amendment), concerning defendant Loan Link's sale of residential mortgage loans to plaintiff Citimortgage, Inc. (hereinafter referred to as CMI). During the course of their contractual relationship, commencing in March 2004, CMI contends that Loan Link sold loans to CMI that did not meet or as to which Loan Link did not meet certain requirements under these contracts. CMI asserts that pursuant to the contracts it gave notice of noncompliance to Loan Link and demanded that Loan Link meet the requirements contained in the loan purchase contracts. CMI

asserts that despite these demands, Loan Link has failed to cure the defects in the subject loans or repurchase or indemnify CMI for the subject loans.

On or about October 15, 2007 CMI brought suit against Loan Link in the Circuit Court for St. Louis County. CMI brought suit in St. Louis County pursuant to Section 12 of the Agreement:

> "12. GOVERNING LAW: VENUE
>
> This Agreement shall be governed by the laws of the State of Missouri and applicable federal law.
>
> CMI and Correspondent **[Loan Links]** agree that any action, suit, or proceeding to enforce or defend any right or obligation under this Agreement or otherwise arising out of either party's performance under this Agreement shall be brought in St. Louis County Circuit Court or the United States District Court for the Eastern District of Missouri and each party irrevocably submits to the jurisdiction of either forum and waives the defense of an inconvenient forum to the maintenance of any such action, suit or proceeding in such state or federal court and any other substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in either forum."

Plaintiff contends that Section 12 of the Agreement gives it the sole and exclusive right to elect the forum in which to pursue its lawsuit; and that defendant, by virtue of Section 12, has consented to the jurisdiction of the state court and waived its right to removal. Defendant, on the other hand, believes that Section 12 only gives the parties the right to litigate in either forum specified, to the exclusion of any other forum, and there is no waiver of the right to removal. Thus, the sole issue before this Court is whether Section 12 provides for the waiver of the right to removal and therefore, this case must be remanded to the plaintiff's choice of forum; i.e. St. Louis County Circuit Court.

The parties don't dispute the fact that a forum selection clause can act as a waiver of a defendant's right to remove an action to federal court; the dispute is whether the language in Section 12 of the Agreement does create such a waiver.

Defendant relies upon the case of Weltman v. Silna, 879 F.2d. 425 (8th Cir. 1989) to support its argument that Section 12 does not provide a "clear and unequivocal" waiver of the right of removal. Plaintiff relies primarily on another Eighth Circuit case, iNet Directories, L.L.C. v. Developershed, Inc., 394 F.3d. 1081 (8th Cir. 2005) to support its position that Section 12 provides it with absolute discretion to choose its litigation forum: Circuit Court of St. Louis County or United States District Court for the Eastern District.[1]

Weltman, *supra.* does not set forth the contract waiver language at issue. The Court simply states:

> "The agreement in which the appellees consented to Weltman's filing this suit in state court did not address removal. Waiver of the right to remove my be `clear and unequivocal,' . . ."

Weltman, at 427 (internal citations omitted). Without the actual language cited, it appears that the Eighth Circuit found that the parties merely agreed venue was proper in the state court as originally filed (Circuit Court for St. Louis City).

In iNet, *supra.*, the Eight Circuit addressed the following language in the contract at issue:

> "The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in

---

[1] In general forum selection clauses are presumed valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972). However, a forum selection clause will not be enforced if it is found to be unreasonable; i.e. product of fraud or overreaching, or if the contract itself is one of adhesion. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); Zapata, 407 U.S. at 9-10. Since the parties do not argue any issues regarding fraud, overreaching, or the agreements being ones of adhesion, it appears that the sole issue concerns the interpretation and application of the language of Section 12.

3

>   the State of Missouri and to the laying of venue in any such suit,
>   action or proceeding brought in any such federal or state court in
>   the State of Missouri."

iNet, at 1081. In affirming the district court's order of remand, the Eighth Circuit found that this clause specifically waived objections to venue, and thus, constituted a waiver of the right to removal. iNet, at 1082 (*citing* Waters v. Browning-Ferris Indus., 252 F.3d. 796, 797-98 (5th Cir. 2001)). The Court distinquished Weltman on the basis that the clause in question apparently did not address removal. Id., at 1082.

The concept of "clear and unequivocal" is a fluid concept left up to this Court's discretion with little guidance from the Eighth Circuit. Having reviewed these cases, and others[2], the Court holds that the language contained in Section 12 of the Agreement clearly and unequivocally waived defendant Loan Link's right to remove. Here both parties clearly agree that any action arising out of their contractual relationship could be brought in either St. Louis County Circuit Court or this Court, and once that court is chosen, the parties agreed unequivocally to "irrevocably submit to the jurisdiction of either forum" and "waives the defense of . . . any substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in either forum." The right of removal is such a substantive or procedural right both parties have "waived".

Furthermore, to interpret Section 12 not to have waived the right to removal would virtually render the clause meaningless. If a party could choose either forum, only to have it

---

[2] Although the Court prefers not to rely heavily on unpublished opinions, these cases provided significant guidance to the Court on the matter at hand: Babe Winkelman Productions v. Sports Design and Development, 2006 WL 980821 (D.Minn. 2006); Murphy Oil USA, Inc. v. United States Fidelity & Guaranty Co., 1992 WL 465701 (W.D.Ark. 1992); *see also*, Waters v. Browning-Ferris Industries, *supra.*; *but see*, Mihlfeld & Associates, Inc. v. Glock, Inc., 2005 WL 1009579 (W.D.Mo. 2005).

switched by the other party, then the clause is really pointless.  The purpose of a forum selection clause is to give the parties, as a plaintiff, the benefits and advantages of litigating a dispute in a forum where they believe such favorable attributes exist.  To allow parties to negotiate favorable venues, only to have them taken as soon as they are chosen, undermines the negotiation of the forum selection clause in the first place.  *See*, Waters, at 798; Babe Winkelman Productions, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#8) be and is **GRANTED**.  This cause of action, and any or all pending motions, shall immediately be **REMANDED** to the Circuit Court for St. Louis County, Missouri.  No further action shall be taken in this case.

Dated this ___12th___ day of March, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE